**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VALERIE WILLIAMS,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  20-5036** |
| | : | |
| **RELIANCE STANDARD LIFE INSURANCE** | : | |
| **COMPANY,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**TUCKER, J.**                                              **August 27, 2021**

Before the Court is Defendant Team Management & Consulting, LLC's ("TMC") Motion to Dismiss for Lack of Jurisdiction (ECF No. 7) and Plaintiff Valerie Williams' Response in Opposition (ECF No. 9). Upon careful consideration of the Parties' submissions and for the reasons outlined below, Defendant's motion is granted.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

On October 12, 2020, Plaintiff filed this lawsuit alleging Defendants refused to pay her life insurance benefits as the beneficiary of a group life insurance plan regulated under the Employee Retirement Income Security Act ("ERISA").  (ECF No. 1); Pl.'s Resp. at 1.  The policy was issued by Co-Defendant, Reliance Standard Life Insurance Company ("Reliance") and delivered to TMC, who sponsored it in the state of Louisiana.  Def.'s Br. at 3.

---

[1] This section draws from the Complaint (ECF No. 1), Defendant's Motion to Dismiss ("Def.'s Br."), associated exhibits, and Plaintiff's Response in Opposition to the Motion to Dismiss ("Pl. Resp.").

Plaintiff is David Smith's beneficiary;[2] both individuals are Texas residents.  Pl.'s Resp. at 1.  TMC is an LLC registered in Louisiana; its principal place of business[3] and sole, physical office also resides within that state.  Def.'s Br. at 3; Ex. A; Pl.'s Resp. at 2.  TMC's members and equity holders are also Louisiana citizens.  Def. Br. at 3; Ex. A.  Moreover, TMC conducts no business in the state of Pennsylvania.  Ex. A.  Co-Defendant Reliance is a corporation licensed to serve customers in Pennsylvania, with its principal place of business located at 2001 Market Street, Suite 1500 in Philadelphia.  Pl.'s Br. at 2.

Defendant TMC seeks dismissal, asserting: (1) lack of personal jurisdiction, under Federal Rule of Civil Procedure 12(b)(2); and (2) improper venue, under 29 U.S.C. §1132(e)(2) and 28 U.S.C. § 1391(b).  Plaintiff does not address TMC's personal jurisdiction argument, but instead asserts that venue is proper under 29 U.S.C. §1132(e)(2).  Pl.'s Br. at 2.  Co-Defendant Reliance did not file a response to TMC's motion.

## II.  LEGAL STANDARD

### A.  Personal Jurisdiction

A federal court is authorized to dismiss a complaint, partially or in its entirety, for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  When a court reviews such a motion, it must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  If defendant contradicts plaintiff's allegations, the burden shifts to the plaintiff to present particular evidence in support of personal

---

[2] Smith was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), of the plan.  Pl. Resp. at 1.
[3] Its principal place of business is located at 6873 Johnston Street, Lafayette, LA 70503.  Pl. Resp. at 2; *see also* Ex. A.

jurisdiction. *Isaacs v. Ariz. Bd. of Regents*, 608 F. App 'x 70, 74 (3d Cir. 2015) (citing *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

A federal court will look at a forum state's long-arm statute and determine if the exercise of jurisdiction violates the Fourteenth Amendment's Due Process Clause. *Isaacs*, 608 F. App 'x at 74. "Because Pennsylvania has chosen to exercise jurisdiction to the fullest extent possible, the federal due process principle of 'minimum contacts' with the forum state and the requirement that the exercise of jurisdiction comport with 'traditional notions of fair play and substantial justice' control." *Id.* (citing 42 Pa. Cons. Stat. Ann. § 5322(b); *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) internal citations omitted). "[M]inimum contacts are established when there is 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus involving the benefits and protections of its laws.'" *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

### B. Venue

Defendant moves to dismiss Plaintiff's complaint for improper venue, under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b). Def. Br. at 12. ERISA's jurisdictional provision provides:

> When an action under this subchapter is brought in a District Court of the United states, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found[,] and process may be served in any other district court where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2).

Meanwhile, 28 U.S.C. § 1391(b) provide, that venue is proper, except otherwise provided by law, only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

A corporation is deemed a resident "in any judicial district in which such defendant is subject to the Court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

## III. ANALYSIS

This Court will address TCM's personal jurisdiction argument first, before proceeding to the question of improper venue.

TMC argues that this Court lacks both general and specific jurisdiction. Def.'s Br. at 6. Defendant asserts Plaintiff's Complaint and the Sworn Declaration of David Walker[4] show that the alleged claims do not arise out of or relate to any alleged conduct by TMC in Pennsylvania. Def.'s. Br. at 7. Defendant contends that Plaintiff does not allege that TMC engaged in any wrongdoing or wrongful conduct in Pennsylvania. *Id*. Finally, TMC asserts Plaintiff is seeking life insurance benefits against Reliance; if TMC were liable for any issues, it would be for negligent actions that resulted in the states of Louisiana and Texas, not Pennsylvania. *Id*. At 7-8. Plaintiff does not address TMC's personal jurisdiction argument.

The Supreme Court has categorized these due process principles into two categories: specific and general jurisdiction. *See Goodyear Dunlop Tires Op. S.A. v. Brown*, 564 U.S. 915, 918-19 (2011). The plaintiff must establish "either that the cause of action arose from the

---

[4] *See* Def. Ex. A.

defendant's forum-related activities (specific jurisdiction) or that the defendant has 'continuous and systematic' contacts with the forum state (general jurisdiction)." *Mellon Bank (E.) PSFS, N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551, 554 (3d Cir. 1993) (citations omitted).

General personal jurisdiction arises from a defendant's contacts with the forum, unrelated to the cause of action being litigated, and requires a showing that the defendant has had continuous and systematic contacts with the forum state. *Addington v. Senior Vice President - Human Res., Consol Energy Inc.*, Civil Action No. 14-444, 2017 WL 6398487 (W.D. Pa. Nov. 28, 2017) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 412-13, 414 (1984)).

Specific jurisdiction applies "when the plaintiff's claim is related to or arises out of the defendant's contacts with the forum." *Mellon Bank (E.) PSFS, N.A.*, 960 F.2d at 1221. "The exercise of specific jurisdiction is permissible where: (1) the defendant purposely directed his activities at the forum state; (2) the plaintiff's claim arises out of and relates to at least one of those specific activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice." *Isaacs*, 608 F. App'x at 74.

Many circuit and district courts have held that the personal jurisdiction federal courts' have in ERISA claims is not constrained by the "minimum contacts" standard.[5] *See Trs. of the Nat'l Elevator Indus. Pension, Health Benefit, Educ., Elevator Indus. Work Pres. Funds v. All City Elevator, Inc.*, No. 17-cv-2798, 2018 WL 3043299 (E.D. Pa. May 22, 2018) (citing *Rafferty v. Metropolitan Life Ins. Co.*, No.15-206, 2016 WL 153225 at *2 (W.D. Pa. Jan 13, 2016)).

---

[5] The Second, Fifth, Sixth, Seventh, Eighth, and Eleventh Circuits have held that when a statute provides for nationwide service of process, the relevant forum for purposes of the personal jurisdiction minimum contacts analysis is the United States. *Medical Mut. of Ohio v. deSoto*, 245 F.3d 561, 566-67(6th Cir. 2001); *Board of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035 (7th Cir. 2000); *Federal Fountain, Inc. v. KR Entertainment, Inc.*, 165 F.3d 600, 601-602 (8th Cir. 1999); *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 946-47 (11th Cir. 1997); *Bellaire Gen. Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822, 825-26 (5th Cir. 1995); and *IUE AFL-CIO Pension Fund v. Hermann*, 9 F.3d 1049, 1056-57 (2d Cir. 1993).

These courts determined that when a statute provides for "nationwide service of process, the exercise of personal jurisdiction based on contacts with the United States as a whole, not a particular state; thus, giving jurisdiction to any federal court if the contacts with the United States are sufficient." *Rafferty*, 2016 WL 153225 at *6 (citing *Medical Mut. of Ohio*, 245 F.3d at 566-67 (6th Cir. 2001)).  The Third Circuit has not specifically addressed these issues in relation to ERISA; however, it has held that personal jurisdiction may be found based on a defendant's national contacts when a plaintiff's claim rests on a federal statute that authorizes nationwide service of process.  *See In re Automotive Refinishing Paint Antitrust Litigation*, 358 F.3d 288, 298 (3d Cir. 2004) ("We hold that personal jurisdiction in a federal antitrust litigation is assessed on the basis of defendant's aggregate contacts with the United states as a whole.").

This Court will not apply the national contacts standard.  First, many of the circuit and district court decisions were issued before the Supreme Court's *Daimler AG v. Bauman*, 571 U.S. 117 (2014) and *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549 (2017) decisions.  Second, the Supreme Court has distinguished statutory language, holding that, "Congress generally uses the expression, where suit 'may be brought,' to indicate the federal districts in which venue is proper." *BNSF Railway Co.*, 137 S. Ct. at 1555 (citing 28 U.S.C. § 1391(b)).  Even if Congress had provided for nationwide service of process, the statutes "were meant to expand venue, not personal jurisdiction."  *Id*. at 1556.  The Court reasoned that authorizing such an expansion of personal jurisdiction would yield "anomalous results." *Id*.  Finally, "venue and jurisdiction are legally distinct," *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167-68,(1939), and the two should not be confused." *Wall St. Aubrey Golf, LLC v. Aubrey*, 189 F. App 'x 82, 87 (3d Cir. 2006) (citing 15 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3801 (1986)).

Here, Defendant TMC has proved it is a registered LLC, including all its members and equity holders, in the state of Louisiana.  Ex. A.  TMC's principal place of business and employees all reside in Louisiana.  Defendant does not maintain offices in Pennsylvania nor has it owned or leased property or buildings within the state.  The alleged claims did not arise or relate to any conduct TMC did in Pennsylvania nor was it purposefully directed in the state.  *Id.*

Finally, Plaintiff has not rebutted any of Defendant's evidence.  This Court cannot exercise either specific or general personal jurisdiction over TMC based on the facts and circumstances presently before it, without violating the Fourteenth Amendment's Due Process Clause.  Hence, this Court grants TMC's Motion to Dismiss based on Rule 12(b)(2).

Furthermore, because Plaintiff's claims as to TMC are dismissed, and Co-Defendant Reliance has not disputed venue, this Court will not address TMC's venue argument.  *In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation*, 735 F. Supp. 2d 277, 306-307 (W.D. Pa. 2010) (citing *Flood v. Braaten*, 727 F.2d 303, 306 n.12 (3d. Cir. 1984)) (if a court lacks personal jurisdiction over a party, it lacks power to adjudicate the dispute).

## IV. CONCLUSION

For the foregoing reasons, Defendant TMC's Motion to Dismiss (ECF No. 7) is granted.  Plaintiff's claims as to TMC, only, are **DISMISSED WITH PREJUDICE**.